Prob 12B

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

### PETITION TO MODIFY THE CONDITIONS OR TERM OF SUPERVISION
### WITH CONSENT OF THE OFFENDER
*(Probation Form 49, Waiver of Hearing, is on file)*

| | |
|---|---|
| **Offender Name:** | Antoine Leander RUNNER |
| **Docket Number:** | 2:08CR00273-01 |
| **Offender Address:** | Carmichael, California |
| **Judicial Officer:** | Honorable Lawrence K. Karlton<br>Senior United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 07/12/2002 (District of Hawaii) |
| **Original Offense:** | 21 USC 846 - Conspiracy to Distribute Cocaine, a Schedule II Controlled Substance (CLASS B FELONY) |
| **Original Sentence:** | 120 months custody Bureau of Prisons; 8 years Supervised Release; $100 special assessment |
| **Special Conditions:** | Drug treatment program; Financial disclosure; Search; Not possess any illegal or dangerous weapons |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 02/28/2008 |
| **Assistant U.S. Attorney:** | To be assigned    **Telephone:** (916) 554-2700 |
| **Defense Attorney:** | To be assigned    **Telephone:** (916) 498-5700<br>Federal Defender's Office |

**Other Court Action:**

| | |
|---|---|
| <u>06/03/2008</u>: | Prob 12B filed with the Court reporting the releasee's use of cocaine on April 6 and 15, 2008. The Court modified the supervision term to include participation in the Intermediate Sanction Program and restrictions on access to paging devices or cellular phones without permission of the probation officer. |

RE:    **Antoine Leander RUNNER**
      **Docket Number:  2:08CR00273-01**
      **PETITION TO MODIFY THE CONDITIONS OR TERM**
      <u>**OF SUPERVISION WITH CONSENT OF THE OFFENDER**</u>

<u>**06/16/2008**</u>:                       Transfer of jurisdiction ordered from the District of Hawaii to the Eastern District of California.

## PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

1.      As directed by the probation officer, the releasee shall participate in a correctional treatment program (inpatient or outpatient) to obtain assistance for drug or alcohol abuse.

2.      The releasee shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

3.      The releasee shall comply with the conditions of home detention for a period of 60 consecutive days, to commence when directed by the probation officer. During this time, the releasee will remain at his place of residence except for employment and other activities approved in advance by the releasee's probation officer.  The releasee will maintain telephone service at his place of residence without an answering device, call forwarding, a modem, caller ID, call waiting, or a cordless telephone for the above period.  At the discretion of the probation officer, the releasee shall wear an electronic monitoring device and follow electronic monitoring procedures as specified by the probation officer.  Additionally, during the term of home detention, the releasee shall be subject to and comply with the conditions and requirements of a sobrietor unit to monitor the releasee's use of alcohol.  The releasee shall pay the cost of electronic monitoring and the sobrietor unit as determined by the probation officer.

Rev. 05/2008
VIOLATION__PETITION (PROB12B)
(MODIFICATION).MRG

RE:   **Antoine Leander RUNNER**
      **Docket Number:  2:08CR00273-01**
      **PETITION TO MODIFY THE CONDITIONS OR TERM**
      **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

**Justification:**   Runner's original drug-related conviction occurred in the district of Hawaii.  After his release from confinement, due to a conflict in his release plan, Runner's supervision was denied in New Jersey so he reunited with his mother in Carmichael, California.  During the first month of supervision, while pending transfer of supervision to the Eastern District of California, Runner submitted two urine samples that tested positive for cocaine.  In response, the District Court in Hawaii modified Runner's supervision term to include participation in the United States Probation Office's Intermediate Sanction Program (ISP), and pager and cellular phone restrictions while simultaneously transferring jurisdiction to the Eastern District of California.

Runner resides with his mother in Carmichael, California, and, until recently, was enrolled in a commercial truck driving school.  However, he suffered a Driving Under the Influence arrest on July 3, 2008. According to the California Highway Patrol (CHP) arrest report, Runner was stopped at approximately 1:35 a.m. while driving a vehicle with an expired registration tag.  Runner was accompanied by an adult female passenger.  Runner was observed to have objective signs of intoxication, he admitted to drinking alcohol prior to driving, and his performance of field sobriety tests was considered poor.  Runner was then arrested and charged with violating 23152(a) VC - Driving Under the Influence and 23152(b) VC - Driving With a Blood Alcohol Content of .08% or More.  Runner chose a breath test and the results were .10%.  The female passenger was also arrested for possession of an unspecified controlled substance.  After Runner was released from custody on July 3, 2008, he promptly reported his arrest to the probation officer and his next court date is August 18, 2008. This conduct was preceded by the releasee's failure to report for drug testing on July 2 and 3, 2008.

Before the above conduct could be addressed with the Court, Runner admitted to the use of cocaine on July 20 and 22, 2008.  Runner explained he became frustrated after learning he could no longer participate in the truck driving school.  Consequently, he purchased a rock of cocaine at a light rail station and smoked a cocaine laced cigarette on the two occasions he identified.  Urine samples collected from the releasee on July 20 and 24, 2008, confirmed Runner's use of cocaine.  Runner also admitted a drug test he took on July 25, 2008, would test positive for cocaine as well.  Consistent with his report, Runner's urine sample of July 25, 2008, was positive for cocaine and the laboratory indicated this test result was likely residual elimination as opposed to new use.  Runner's drug use was accompanied by his failure to report for urinalysis on July 29 and 30, 2008.  At the

RE:    **Antoine Leander RUNNER**
       **Docket Number:  2:08CR00273-01**
       **PETITION TO MODIFY THE CONDITIONS OR TERM**
       **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

probation officer's suggestion, Runner contacted a local drug treatment program about residential treatment.  Runner has also continued to regularly participate in the ISP.  The releasee is subject to random urinalysis, he participates in individual drug abuse counseling and he has resumed participation in the Job Seekers program.  Additionally, Runner was instructed to call the probation officer on a daily basis.  Although these steps are in place to monitor and assist Runner, the repetition and seriousness of his violation conduct suggests the need for a more structured response.

At 18 USC 3583(d), it is noted the Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with the United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against the defendant who fails a drug test.  Runner's four positive drug test results trigger the mandatory revocation statute; however, the releasee's desire to participate in residential treatment and his past involvement with individual outpatient counseling suggests an exception to mandatory revocation may be warranted. A local contract residential treatment program has been contacted and a bed is available for Runner should the Court concur with this recommendation.

Runner's violation conduct is in direct contradiction to the Court's order and the ISP curriculum. However, to his credit, he promptly reported law enforcement contact to the probation officer, he admitted his use of cocaine and has agreed to enter a residential drug program.  Runner has expressed remorse for his conduct, he contacted a residential drug treatment program, and he has taken steps to further his employment situation.  This probation officer gave careful consideration to a warrant request in view of the nature and circumstances of Runner's conduct and his background.  However, after considerable thought, and in consideration of Runner's reaction to his violation conduct, it is recommended the Court modify the terms and conditions of supervision  as set forth above.  Runner has signed a Waiver of Hearing form attesting to his agreement to these modifications. In the meantime, Runner has been sternly admonished to avoid any further illegal drug use or a warrant request will follow as well as the likelihood of more severe consequences.

Rev. 05/2008
VIOLATION__PETITION (PROB12B)
(MODIFICATION).MRG

RE:   **Antoine Leander RUNNER**
      **Docket Number:  2:08CR00273-01**
      **PETITION TO MODIFY THE CONDITIONS OR TERM**
      **OF SUPERVISION WITH CONSENT OF THE OFFENDER**


                          Respectfully submitted,

                          /s/ Terence E. Sherbondy

                      **TERENCE E. SHERBONDY**
                 **Senior United States Probation Officer**
                    Telephone:  (916) 786-6147


**DATED:**       August 1, 2008
                 Roseville, California
                 tes:cd


**REVIEWED BY:** _____**/s/ Richard A. Ertola**_____
                 **RICHARD A. ERTOLA**
                 **Supervising United States Probation Officer**


---

**THE COURT ORDERS:**

( ✔ )   Modification approved as recommended.

(  )    Modification not approved at this time.  Probation Officer to contact Court.

(  )    Other:

August 4, 2008
_____            _____
**Date**                                    **Signature of Judicial Officer**

cc:   United States Probation
      Assistant United States Attorney
      Assistant Federal Defender
      Defendant
      Court File

Rev. 05/2008
VIOLATION__PETITION (PROB12B)
(MODIFICATION).MRG